IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID MCDONALD-FORTE and
JACQUELINE FORTE,

        Plaintiffs,

v.

MERRILL LYNCH MORTGAGE
INVESTORS TRUST, SERIES
MLCC 2004-D,

        Defendant.

1:14-cv-1660-WSD

## OPINION AND ORDER

This matter is before the Court on Merrill Lynch Mortgage Investors Trust, Series MLCC 2004-D's ("Trust" or "Defendant") Motion to Dismiss [7] David McDonald-Forte and Jacqueline Forte's (together, "Plaintiffs") Complaint [1.1].

## I.   BACKGROUND

On April 23, 2004, Mr. Forte[1] obtained a loan in the amount of $177,400 from SunTrust Mortgage, Inc. d/b/a Sun America Mortgage ("SunTrust") and executed a promissory note ("Note") in favor of SunTrust. (Compl. ¶ 7 & Ex. A). Repayment of the loan was also secured by a deed ("Security Deed") to real property located at 913 Maple Leaf Drive, McDonough, Georgia (the "Property").

---

[1]    Ms. Forte was not a party to the Note or Security Deed.

(Id.).  Mr. Forte executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for SunTrust and SunTrust's successors and assigns.  (Id.).  Under the terms of the Security Deed, Mr. Forte "grant[ed] and convey[ed] to MERS (solely as nominee for [SunTrust] and [SunTrust's] successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property]."  (Security Deed at 2).

On May 6, 2009, MERS assigned the Security Deed to Merrill Lynch Credit Corporation ("Merrill Lynch") (the "Assignment").  (Compl. ¶ 8 & Ex. B).

At some point, Plaintiffs assert, "[t]he Security Deed and Note was [sic] then securitized as a REAL ESTATE MORTGAGE INVESTMENT CONDUIT ("REMIC") into the [ ] Trust [ ]."  (Compl. ¶ 9 & Ex. C).

On July 20, 2009, Shapiro & Swertfeger, LLP ("Shapiro"), on behalf of Merrill Lynch, sent Mr. Forte a letter stating that he had defaulted on his loan obligations and that a foreclosure sale of the Property was scheduled for August 4, 2009.  (Compl. ¶ 11 & Ex. D).

At some point, PHH Mortgage Corporation ("PHH") became Mr. Forte's loan servicer.  On August 3, 2010, Mr. Forte executed a Loan Modification Agreement with PHH.  (Compl. ¶ 12).[2]

---

[2]  To the extent Plaintiffs assert that, pursuant to the Pooling and Servicing

On June 23, 2011, Shapiro, on behalf of PHH as servicer of Mr. Forte's loan for Merrill Lynch, sent Forte another letter stating that Mr. Forte had defaulted on his loan obligations, that the total amount due on his loan was $200,274.20, and that a foreclosure sale of the Property was scheduled for August 2, 2011. (Compl. ¶ 13 & Ex. E).

On July 1, 2011, Merrill Lynch was acquired by Bank of America, N.A. ("BANA").[3]

On November 3, 2011, Shapiro, on behalf of "PHH [] as servicer for [BANA], as Successor in Interest by Merger to Merrill Lunch []," sent Mr. Forte

---

Agreement for the Trust, their loan servicer was Cedant Mortgage Corporation, by March 15, 2005, reports required to be filed with the Securities and Exchange Commission were filed for the Trust by "PHH Mortgage Corp. f/k/a/ Cedant Mortgage Corp." See http://www.sec.gov/Archives/edgar/data/1301649/000105640405001725/mlc0400d_2004.txt (last visited Aug. 17, 2015). This document is an official record maintained by the federal government and is generally available to the public, and the Court may consider it. See Fed. R. Evid. 201(b)(2); (court may take judicial notice of fact not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

[3]   See https://www.fdic.gov/bank/individual/merger/2011/2011.pdf, at p. 10 (last visited Aug. 17, 2015). The Court takes judicial notice that BANA is the successor by merger to Merrill Lynch. See Fed. R. Evid. 201(b)(2); Tellabs, 551 U.S. at 355; Bryant, 187 F.3d at 1276-1278.

3

letter stating that he had defaulted on his loan obligations, that the total payoff amount for his loan was $206,251.25, and that a foreclosure sale of the Property was scheduled for December 6, 2011.  (Compl. ¶ 14 & Ex. F).

On December 6, 2011, the Property was sold, at a foreclosure sale, to BANA.  (Id. ¶ 15).

On February 15, 2012, BANA, as attorney-in-fact for Mr. Forte, pursuant to the power of sale in the Security Deed, executed a Deed Under Power and conveyed the Property to BANA.  (Deed Under Power [7.2]).[4]  The Deed Under Power states that "Bank of America, NA A National Banking Association, As Successor in Interest by Merger to Merrill Lynch Credit Corporation, according to the terms of said Security Deed, did expose [the P]roperty for sale to the highest and best bidder for cash on the first Tuesday, December 6, 2011 . . . ."  (Id. at 2).

On April 30, 2012, Plaintiffs filed, in the Superior Court of Henry County, Georgia, a complaint against BANA, as successor in interest to Merrill Lynch, MERS, SunTrust, Merrill Lynch Mortgage, PHH, and the Trust, through its Trustee Wells Fargo N.A. ("Forte I").[5]  (Compl. ¶ 16).  On May 16, 2012,

---

[4] Defendant submitted with its Motion to Dismiss a copy of the Deed Under Power, which was filed with the Clerk of the Superior Court of Henry County, Georgia.  It is a matter of public record and the Court may consider it.  See Fed. R. Evid. 201(b)(2); Tellabs, 551 U.S. at 355; Bryant, 187 F.3d at 1276-1278.

[5] No. 12-CV-2012AM

Plaintiffs filed an amended complaint in Forte I, asserting claims for constructive fraud, wrongful foreclosure, abuse of process, theft by deception, and fraudulent misrepresentation. Plaintiffs argued in Forte I that the Security Deed was void, that the Assignment was not valid, and that BANA lacked standing to foreclose on the Property, including because it was not the holder of the Note. (See [7.1]). Plaintiffs sought quiet title to the Property, a declaration that the Security Deed and Plaintiffs' loan are void, to enjoin foreclosure and "eviction/dispossessory proceedings," and an award of compensatory damages.

At some point, BANA filed in the Magistrate Court of Henry County a dispossessory action against Plaintiffs. (See Compl. at Ex. G). On May 22, 2012, the Magistrate Court entered a Dispossessory Judgment and Order, granting BANA possession of the Property. (Compl. ¶ 17 & Ex. G).

On September 18, 2012, the Superior Court of Henry County dismissed Plaintiffs' claims against SunTrust, and on November 6, 2013, the remaining defendants in Forte I moved to dismiss Plaintiffs' amended complaint. Plaintiffs failed to respond to their motion.

On March 24, 2014, the Superior Court of Henry County dismissed Plaintiffs' amended complaint with prejudice, on the ground that "Plaintiffs' claims [were] premised upon multiple misplaced theories which are contrary to

5

Georgia law." (See March 24th Order [7.3]; Compl. ¶ 18).

On May 29, 2014, Plaintiffs filed their *pro se* Complaint in this action, asserting claims against the Trust for wrongful foreclosure, injunctive relief, and declaratory relief. Plaintiffs assert that "the Security Deed was assigned into the [ ] Trust [] on May 6, 2009," "almost five (5) years AFTER the Closing Date for mortgages to have been in the trust." (Compl. ¶¶ 21, 23). Because "[t]he Cut-Off and Closing Dates are the dates in which Plaintiff's mortgage should have been made a part of the REMIC pool in order for the Trust to have the proper standing to initiate foreclosure proceedings," Plaintiffs assert that foreclosure was wrongful because "the real party in interest, i.e., the current or holder [sic] of the Security Deed, was not properly reflected in the public records . . . in violation of Georgia Foreclosure Law [sic]." (Compl. ¶¶ 21-24).

On October 3, 2014, Defendant moved to dismiss Plaintiffs' Complaint for failure to state a claim.

## II. DISCUSSION

### A. Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty.

6

Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014)

(noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  Analysis

1.  Wrongful Foreclosure (Count One)

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a

causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. W. Ga. Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGoyler v. Green Tree Serv., LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quoting Brown v. Freedman, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)).

Here, Plaintiffs do not allege, and the record does not support, that the Trust is the entity that conducted the foreclosure sale of the Property. The Deed Under Power states that "Bank of America, NA A National Banking Association, As Successor in Interest by Merger to Merrill Lynch Credit Corporation, according to the terms of said Security Deed, did expose [the P]roperty for sale to the highest and best bidder for cash on the first Tuesday, December 6, 2011 . . . ." (Deed Under Power at 2). The Trust is not the entity that foreclosed on the Property and Plaintiffs fail to allege that the Trust owed them a specific legal duty. Plaintiffs cannot assert a claim for wrongful foreclosure against the Trust. See All Fleet, 634 S.E.2d at 807; Abdullahi v. Bank of Am., N.A., 549 F. App'x 864, 866 (11th Cir. 2013) ("Because BoA was the only 'foreclosing party' and because Abdullahi failed to allege that either Freddie Mac or Pendergast owed him a specific legal duty, the district court dismissed properly Abdullahi's claim for wrongful

9

foreclosure against Freddie Mac and Pendergast."); Thompson-el v. Bank of Am., N.A., 759 S.E.2d 49, 52 (Ga. Ct. App. 2014) ("as to the remaining defendants . . . a claim for wrongful foreclosure will not lie because, in the framework of [plaintiff's] complaint, none of them acted as a secured lender or [were] otherwise involved in foreclosing on her property.").

The facts are that Mr. Forte executed the Security Deed in favor of MERS, as nominee for SunTrust and SunTrust's successors and assigns; that MERS assigned the Security Deed, including the power of sale, to Merrill Lynch; that Merrill Lynch merged into BANA; and that BANA is the entity that foreclosed on the Property.  There is no evidence to support that "the Security Deed was assigned into the [] Trust,"[6] and, even if it was, Georgia law requires only that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale . . . ."  See O.C.G.A. § 44-14-162(b).  At the time of foreclosure, even if the Trust or an entity other than BANA "held" the Security Deed, the only recorded "security instrument or assignment thereof" for the Property was (i) the Security Deed, by which Mr. Forte expressly granted the power of sale to MERS (solely as nominee for SunTrust and

---

[6] Plaintiffs appear to conflate Merrill Lynch Mortgage Investors Trust, Series MLCC 2004-D—the Trust, which Plaintiffs chose to name as the only Defendant in this action—with Merrill Lynch Credit Corporation, a separate entity to whom MERS assigned the Security Deed and which is not a party to this action.

SunTrust's successors and assigns), and (ii) the Assignment, by which the Security Deed was assigned to Merrill Lynch.  Merrill Lynch merged into BANA, and as a result of the merger, by operation of law, BANA acquired the assets, rights and liabilities of Merrill Lynch, including the Security Deed.  See, e.g., Nat'l City Mortg. Co. v. Tidwell, 749 S.E.2d 730, 733 (Ga. 2013) (in a merger, receiving entity is deemed to be the same corporation as each bank participating in the merger, and all rights and interests of the merging banks are transferred to the receiving bank by virtue of the merger and without any other transfer) (citing O.C.G.A. §§ 7-1-536, 14-2-1106; 12 U.S.C. § 215a(e)).  BANA was the entity authorized to exercise the power of sale in the Security Deed.

Simply put, the Trust did not foreclose on the Property, and it is unclear at which point—if at all—Plaintiffs believe that the Trust became involved in the foreclosure process.  To the extent Plaintiffs' wrongful foreclosure claim is based on the "securitization" of Mr. Forte's loan, the claimed "splitting" of ownership of the loan from the Security Deed, and perceived defects in the assignment process, including noncompliance with the terms of the PSA for the Trust—even assuming the facts underlying these theories are true—variations of these arguments have been repeatedly rejected under Georgia law.  See, e.g., Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30,

2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law); Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure."); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (plaintiffs, who were not parties to the PSA, lack standing to assert claims based on violation of its terms).  Plaintiffs have not, and cannot, assert a viable claim for wrongful foreclosure against the Trust under any legal theory, and this claim is required to be dismissed.

    2.  Declaratory Relief (Count Three)

"[T]o pursue properly a declaratory judgment under Georgia law 'a party must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his

interests.'"  Milani v. One West Bank FSB, 491 F. App'x 977, 979 (11th Cir. 2012) (quoting Porter v. Houghton, 542 S.E.2d 491, 492 (Ga. 2001)).

Plaintiffs seek a declaration that "the filing of the Assignment of Security Deed . . . on May 6, 2009, DID NOT reflect the current holder or owner of the Security Deed and Note because the Closing Date had passed and Plaintiff's [sic] mortgage could not be made part of the TRUST after said Closing Date."  (Compl. ¶ 53).  No uncertainty exists about any future action by Plaintiffs and BANA has already foreclosed on the Property.  A declaratory judgment is unavailable because "all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party."  See Milani, 491 F. App'x at 979 (citing Logan Paving Co. v. Peoples Bank & Trust, 395 S.E.2d 287, 288 (Ga. Ct. App. 1990)).  Plaintiffs' claim for declaratory relief is required to be dismissed.

       3.    Injunctive Relief (Count Two)

A claim for preliminary injunctive relief requires a showing of  "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d

13

1187, 1194 (11th Cir. 2009).  Because Plaintiffs fail to state a viable claim for relief, their claim for injunctive relief is required to be dismissed.[7]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [7] is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 18th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Having determined that Plaintiffs fail to state a viable claim for relief, the Court does not reach the merits of Defendant's other arguments for dismissal based on *res judicata*, insufficient process and insufficient service of process, and that Plaintiffs improperly brought suit against the Trust, rather than the trustee.